**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Mordchai Krausz, on behalf of ING Principal Protection Fund VI, Wayne Soojian and Janet Delgaizo, on behalf of ING Principal Protection Fund VII, and the Henzel Family Foundation, on behalf of ING Principal Protection Fund III,<br><br>      Plaintiffs,<br><br>v.<br><br>ING Investments, LLC and ING Investment Management Co.,<br><br>      Defendants,<br><br>and<br><br>ING Principal Protection Fund III,<br>ING Principal Protection Fund VI and<br>ING Principal Protection Fund VII,<br><br>      Nominal Defendants. | No. 06-CV-12145-RGS |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement Agreement") is submitted pursuant to the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into among plaintiffs Mordchai Krausz, Wayne Soojian, Janet Delgaizo and the Henzel Family Foundation ("Plaintiffs"), nominal defendants ING Principal Protection Fund III, now known as ING Index Plus LargeCap Equity Fund III ("Fund III"), ING Principal Protection Fund VI ("Fund VI") and ING Principal Protection Fund VII ("Fund VII") (collectively, the "Settling Funds"), defendants ING Investments, LLC ("ING

Investments") and ING Investment Management Co. ("ING Investment Management"),

(collectively, the "Defendants").

WHEREAS:

**The Parties**

1.      The Settling Funds, nominal defendants in this action, are separate

portfolios of the ING Equity Trust, an investment company registered with the Securities and

Exchange Commission (the "SEC") under the Investment Company Act of 1940, as amended, 15

U.S.C. §§ 80a-1 *et seq*. (the "Investment Company Act"), of the type commonly known as

principal protected funds;

2.      ING Investments is the investment adviser to the Settling Funds, pursuant

to certain agreements between ING Investments and ING Equity Trust;

3.      ING Investment Management is the sub-adviser to the Settling Funds

pursuant to certain agreements between ING Investment Management and ING Investments;

4.      Plaintiff Krausz is a shareholder of Fund VI.  Plaintiffs Soojian and

Delgaizo are shareholders of Fund VII.  Plaintiff the Henzel Family Foundation is a shareholder

of Fund III.

**The Litigation**

5.      In this action, Plaintiffs purported to assert derivative claims and claims

under Section 36(b) of the Investment Company Act on behalf of the Settling Funds against the

Defendants;

6.      On November 29, 2006, Plaintiffs filed a derivative complaint in this

Court titled *Mordchai Krausz, on behalf of ING Principal Protection Fund VI, Wayne Soojian*

*and Janet Delgaizo, on behalf of ING Principal Protection Fund VII, and the Henzel Family*

*Foundation, on behalf of ING Principal Protection Fund III vs. ING Investments, LLC and ING Investment Management Co., ING Principal Protection Fund III, ING Principal Protection Fund VI and ING Principal Protection Fund VII*, No. 06-CV-12145-RGS, (the "Complaint") alleging that, under Section 36(b) of the Investment Company Act, Defendants breached their fiduciary duties to the Settling Funds and their shareholders by charging excessive advisory and subadvisory fees in violation of Section 36(b) of the Investment Company Act;

7.    Defendants dispute liability for any of the claims asserted in the Complaint, deny they or any of them have engaged in any wrongdoing or have any liability to Plaintiffs or others in connection with the claims asserted in the Action, and state that nothing in this Stipulation shall be deemed an admission of any wrongdoing or liability;

**Settlement Negotiations**

8.    To avoid the expense, uncertainty, and disruption of further litigation, the parties, through their counsel, have engaged in arms-length settlement negotiations and agreed to a compromise and settlement of the Action, as set forth herein; and

9.    Plaintiffs have determined that it would be in the best interests of the Settling Funds and their shareholders to resolve this Action based on the terms and provisions of this Stipulation, and that the terms and provisions of this Stipulation are fair, reasonable and adequate to Plaintiffs;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the parties, acting through their respective attorneys, that this Action, and each and every claim embraced within the scope of the Complaint, or which might have been alleged by reason of any matter or transaction referred to in the Complaint, or which arises out of or under the facts and circumstances set forth therein, shall be dismissed on the merits with prejudice and be

settled, subject to the approval of the Court pursuant to the Federal Rules of Civil Procedure,

upon the following terms and conditions:

**Definitions**

        10.     As used in this Stipulation, the following terms, not otherwise defined

above, shall have the following meanings:

        a.     "Action" means the civil action originally filed on November 29, 2006

titled *Mordchai Krausz, on behalf of ING Principal Protection Fund VI, Wayne Soojian and*

*Janet Delgaizo, on behalf of ING Principal Protection Fund VII, and the Henzel Family*

*Foundation*, on behalf of ING Principal Protection Fund III vs. ING Investments, LLC and ING

*Investment Management Co., ING Principal Protection Fund III, ING Principal Protection Fund*

*VI and ING Principal Protection Fund VII,* No. 06-CV-12145-RGS, and currently pending in the

United States District Court for the District of Massachusetts.

        b.     "Defendants" means the ING Investments, LLC, and ING

Investment Management Co.

        c.     "Defendants' Counsel" means Milbank, Tweed, Hadley & McCloy

LLP.

        d.     "Effective Date" means the first full day after the expiration of time to

seek review of the Final Order and Judgment approving the Settlement Agreement, whether by

appeal or petition for writ of certiorari, if review thereof has not been sought.  If review has been

sought, "Effective Date" shall mean the first full day after such review shall have been finally

determined or disposed of in such manner as to permit the consummation of the Settlement

Agreement.

        e.     "Fee and Expense Application" means Plaintiffs' Counsel's application

for an award of legal fees and reimbursement of expenses.

        f.      "Final Approval Hearing" shall have the meaning set forth in paragraph 14(a) below.

        g.      "Final Order and Judgment" means a final order and judgment substantially in the form annexed hereto as Exhibit C, as set forth in paragraph 16 below.

        h.      "Gross Settlement Sum" means two million dollars ($2,000,000).

        i.      "Net Settlement Sum" means the Gross Settlement Sum less any amount awarded to Plaintiffs' Counsel in connection with its Fee and Expense Application.

        j.      "Plaintiffs' Counsel" means the law firm of Shapiro Haber & Urmy LLP.

        k.      "Preliminary Approval Order" means an order substantially in the form annexed hereto as Exhibit A, as set forth in paragraph 14 below.

        l.      "Settlement" means the settlement contemplated by this Settlement Agreement.

        m.      "Shareholder" means a shareholder of record of the Settling Funds as of the tenth (10th) day following the entry of the Preliminary Approval Order.

**Scope and Effect of Settlement**

        11.      Within twenty-five (25) days of the Effective Date, Defendants ING Investments and ING Investment Management, together, shall make an aggregate payment of the Net Settlement Sum to the Settling Funds to be allocated and deposited into each of the Settling Funds based on the following percentages:

        Fund III:  28.5%

        Fund VI:  46.9%

        Fund VII: 24.6%

Each Settling Fund's percentage entitlement to the Net Settlement Sum was determined on an equitable basis, taking into account each Settling Fund's relative size (i.e., its assets under management) and the length of time remaining on each Settling Fund's respective Guarantee Period.

12.     Nothing herein shall prohibit Defendants from agreeing to provide additional services to the Settling Funds (over and above the services presently provided by ING Investments and ING Investment Management) and to charge the Settling Funds additional reasonable fees for such additional services.

13.     Nothing herein shall prohibit the liquidation or termination of any or all of the Settling Funds, or the disposition by any or all of the Settling Funds of all or any part of its or their assets, or the transfer, assignment or termination by any or all the Settling Funds, ING Investments or ING Investment Management of the Investment Management Agreement or Sub-Advisor Agreement or the relationship between any of them, or the merger of any of the Settling Funds with any other investment company; provided, however, that if (i) a Settling Fund is merged with any other investment company that charges a combined advisory and subadvisory fee of more than .45% of the average daily net asset value and (ii) Defendants continue to provide advisory services to the combined entity, the total expense ratio of the combined entity shall not be greater than the total expense ratio of the Settling Fund (net of any expense waivers or reimbursements), and the nature of the services provided by Defendants to the combined entity shall be the same or greater than the services provided by Defendants to the Settling Fund.

**Preliminary Approval of the Settlement and Notice to Shareholders**

14.     Promptly upon the execution of the Settlement Agreement, Plaintiffs' Counsel and Defendants' Counsel shall request the scheduling of a hearing or conference for the

purpose of obtaining the Court's preliminary approval of the Settlement Agreement and seeking

the entry of an Order substantially in the form annexed hereto as Exhibit A:

a.      Scheduling a hearing to determine the fairness,

reasonableness, and adequacy of the Settlement (the "Final Approval Hearing") and

whether the Settlement should be approved, and to determine the amount of the fees and

disbursements to be paid to Plaintiffs' Counsel;

b.      Requiring that at least forty-five (45) days prior to the Final

Approval Hearing, Defendants shall cause to be sent notice of the Settlement and the

Final Approval Hearing, substantially in the form annexed hereto as Exhibit B

("Notice"), be mailed, postage prepaid, to each Shareholder of the Settling Funds; and

c.      Providing that any Shareholder who objects to the approval

of the Settlement Agreement may file written objections and appear at the Final Approval

Hearing to show cause why the Settlement should not be approved as fair, reasonable,

and adequate and a judgment entered thereon, or why attorneys' fees and disbursements

should not be awarded in such amount as requested by Plaintiffs' Counsel; provided,

however, that no person other than a party to this Settlement Agreement shall be heard

and no papers or briefs submitted by any Shareholder shall be received or considered by

this Court (except if the Court in its discretion shall otherwise direct) unless, at least ten

(10) days prior to the date fixed for the Final Approval Hearing, notice of intention to

appear and copies of all papers and briefs proposed to be submitted at the hearing shall be

served upon (i) James N. Benedict, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase

Manhattan Plaza, New York, New York 10005, and (ii) Edward F. Haber, Shapiro Haber

& Urmy LLP, 53 State Street, Boston, Massachusetts 02109, and shall be filed with the

Clerk of the United States District Court for District of Massachusetts.

15.     Defendants shall bear the reasonable costs and expenses of notifying

Shareholders of the terms of the Settlement Agreement, including, without limitation, the costs

of identifying Shareholders of the Settling Funds to whom the Notice to shareholders is required

to be sent, and of printing, addressing, and mailing the Notice to Shareholders.  Defendants shall

cause the Notice to be addressed and mailed to Shareholders of the Settling Funds or their

designated representatives in the same manner as ING Investments and ING Investment

Management arrange for communications to be addressed and mailed to such shareholders in the

ordinary course of business.  Defendants shall bear such notice costs whether or not the

Settlement is approved by the Court.  Defendants shall bear no liability for any Shareholder's

failure to receive the Notice.

**Final Order and Judgment**

16.     If the Settlement Agreement is approved by the Court, a final order and

judgment shall be entered substantially in the form annexed hereto as Exhibit C:

a.     Approving the Settlement Agreement; adjudging the terms thereof

to be fair, reasonable, and adequate; directing the consummation of the Settlement

Agreement in accordance with its terms and provisions; and ordering the parties to

comply with the undertakings set forth in the Settlement Agreement;

b.     Dismissing the Action on the merits, without costs to any party,

and with prejudice as to the Settling Funds and all of their shareholders, past, present, and

future, and forever barring and enjoining the Settling Funds and their shareholders from

time to time, whether or not they have appeared in this Action, from asserting in any

jurisdiction any claim or cause of action on behalf of or against Defendants which was

8

asserted or could have been asserted in this Action by reason of the facts, the matters, or

the transactions referred to in the Complaint, or which arises out of, by reason of, or in

connection with any of the facts, the matters, or the transactions set forth or referred to in

the Complaint;

        c.      Approving a release in the form annexed hereto as Exhibit D to be

executed by an officer of each Settling Fund on behalf of such Settling Fund in favor of

Defendants and their affiliates, including predecessors, successors, assigns, parents, and

subsidiaries, and all persons or entities acting on behalf of Defendants and their affiliates,

including present and former officers, directors, trustees, employees, partners, agents, and

shareholders and each of their respective heirs, administrators, executors, successors, and

assigns, against all claims which were asserted or could have been asserted in the Action

on behalf of the Settling Funds;

        d.      Fixing the amount payable to Plaintiffs' counsel as and for their

attorneys' fees and expenses; and

        e.      Retaining jurisdiction of the Action for the purpose of any

application or proceeding concerned with the interpretation, implementation, or

consummation of the Settlement Agreement and the Court's final judgment thereon.

**<u>Attorney's Fees</u>**

        17.      Plaintiffs' Counsel shall file a Fee and Expense Application for an award

of fees and the reimbursement of expenses.  Any amount awarded by the Court for attorneys'

fees and expenses shall be paid out of the Gross Settlement Sum and shall be paid within twenty-

five (25) days of the Effective Date of the Settlement.

**Miscellaneous Provisions**

18.     Within fifteen (15) days after the Effective Date, the Settling Funds shall execute and deliver to Defendants a release in the form annexed as Exhibit D, which release shall become effective upon the payment set forth in paragraph 11 above.

19.     Plaintiffs and Defendants make no representations concerning any tax consequences resulting from the Settlement.

20.     It is expressly understood that the Settlement Agreement and any proceedings in connection therewith are not, and shall not be construed or invoked by any person to be, an admission by Defendants or any of them of any liability or wrongdoing with respect to any of the facts or claims alleged in or arising out of the subject matter of the Complaint, or as an admission by Plaintiffs of a lack of merit to their contentions; nor shall this Settlement Agreement or any of its terms or the negotiations or proceedings connected with it be offered or received in evidence as an admission of wrongdoing on the part of the defendants or any liability therefor.

21.     If the Settlement Agreement is not finally approved by the Court, as provided herein, or if the order of approval is finally reversed on appeal, or if the Settlement Agreement fails to become effective for any reason, the Settlement Agreement shall be null and void for all purposes, and except as otherwise expressly provided, the parties shall proceed in all respects as if this Settlement Agreement and any related orders had not been entered.

22.     All negotiations, transactions, and proceedings connected with the Settlement Agreement, whether or not consummated shall not be deemed or construed to be evidence (including, without limitation, any document or writing whatsoever created in connection with the Settlement Agreement or the negotiations or deliberations connected with it) or admission of wrongdoing of any kind on the part of the defendants or any liability therefore

(which is expressly denied), and shall not be used directly or indirectly in any way either in this Action, or in any other action or proceeding before any court or agency.

23.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest.

24.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior, contemporaneous or subsequent breach of this Stipulation.

25.     The parties agree that they will not issue any press releases regarding the Settlement, without the consent of the other parties.  It is agreed that Plaintiffs' Counsel may post the Stipulation and other settlement documents on the website of the law firm of Shapiro Haber & Urmy LLP, and it is also agreed that Defendants may disclose any and all terms of the Settlement in order to comply with any disclosure obligations they have under federal or state law.

26.     This Stipulation and its exhibits constitute the entire agreement among the parties hereto concerning the settlement of the Action, and no representations, warranties or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

27.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

28.     This Stipulation shall be governed by the laws of the Commonwealth of Massachusetts.

Dated:  August 21, 2007

Respectfully submitted,

By the Attorneys for the Plaintiffs

/s/ Edward F. Haber
Edward F. Haber (BBO #215620)
SHAPIRO HABER & URMY LLP
53 State Street, 37th Floor
Boston, MA 02109
(617) 439-3939

By the Attorneys for the Defendants ING Investments, LLC and ING Investment Management Co.

/s/ Thomas A. Arena
James N. Benedict
Thomas A. Arena
Mia C. Korot
MILBANK, TWEED, HADLEY & MCCLOY LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
(212) 530-5000

Sean T. Carnathan, Esq. (BBO #636889)
O'CONNOR, CARNATHAN AND MACK LLC
8 New England Executive Park, Suite 310
Burlington, MA 01803
(781) 359-9000

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 21st, 2007.

/s/ Edward F. Haber
Edward F. Haber