UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 06-12145-RGS

MORDCHAI KRAUSZ, on behalf of
ING PRINCIPAL PROTECTION FUND VI,
WAYNE SOOJIAN and JANET DELGAIZO,
on behalf of ING PRINCIPAL PROTECTION FUND VII,
and the HENZEL FAMILY FOUNDATION,
on behalf of ING PRINCIPAL PROTECTION FUND III,

v.

ING INVESTMENTS, LLC and
ING INVESTMENT MANAGEMENT CO., ET AL.

ORDER ON PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

January 23, 2007

STEARNS, D.J.

Following the court's approval of the settlement of this case, on December 7, 2007, plaintiffs' counsel, the firm of Shapiro Haber & Urmy LLP (Shapiro Haber), submitted an application for an award of attorneys' fees and expenses. The firm seeks an award of 24 percent of the two million dollar gross settlement fund, that is, $480,000.00.

In this Circuit, fee awards are ordinarily calculated according to the "lodestar method," by which "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 337 (1st Cir.1997), quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See also In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litigation, 56 F.3d 295, 305 (1st Cir.1995). Once calculated, "the lodestar represents a presumptively reasonable fee, although it is subject to upward or downward adjustment in

certain circumstances." Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir.1992). To this end, the court asked Shapiro Haber to produce contemporaneous billing records listing the hours expended and the nature of the work performed. On January 11, 2008, the firm complied with the request. The records show the lodestar to amount to $52,888.00.[1]

While the court commends counsel for handling this matter expeditiously (the case was settled less than nine months after the Complaint was filed), the docket indicates that the litigation effort required was relatively modest. The Complaint itself was the only substantive pleading filed by the parties. Under the circumstances, the court finds a percentage of the fund (POF) award of 24 percent of the fund to be overly generous when the POF is compared to the lodestar. The court, however, does not wish to unnecessarily penalize counsel for bringing the case to quick resolution. Consequently, the court will apply a multiplier of two (2) times the lodestar in determining an appropriate award. The court will therefore approve an award of $105,776.00 in attorneys' fees and $668.89 in costs (a total of $106,444.89) to be paid to plaintiffs' counsel from the settlement fund.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court has made no adjustment in the hourly rates billed by the attorneys and paraprofessionals involved, which range from $690 to $170 per hour.